IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARC S. CASON, SR.                          :

v.                                          :       CIVIL NO. CCB-00-2115

MARYLAND DIVISION OF CORRECTION             :

...o0o...

**MEMORANDUM**

Marc Cason, Sr., a Maryland prison inmate, brings this suit under 42 U.S.C. § 1983 seeking damages against correctional personnel for serious injuries he suffered when he was stabbed by another inmate at the Maryland House of Correction ("MHC") on August 25, 1997. He claims that the defendants were deliberately indifferent to a serious risk of harm to his health and safety. The defendants have filed a motion for summary judgment, which has been fully briefed.[1] For the reasons that follow, the motion will be granted.

On August 25, 1997, at approximately 8:00 p.m., while in the yard at MHC, Mr. Cason was stabbed several times, resulting in severe injuries including paralysis and chronic respiratory difficulties. He did not see his attacker, but now believes it was Donnell Chambers, the son of a man Mr. Cason had been convicted of murdering. Mr. Cason claims that two correctional officers, defendants Robert Weeks and Richard Thomas,[2] were standing nearby looking in his direction when he was stabbed, but failed to come to his assistance, resulting in a delay of some 15-20 minutes before another correctional officer realized he had been hurt and began to secure

---

[1] The court sincerely thanks appointed counsel for their thorough representation of Mr. Cason.

[2] Though named as a defendant, it is not clear from the record whether Officer Thomas was ever served.

help.

Mr. Cason had been transferred to MHC from the MHC-Annex on August 13, 1997. He was given notice of the transfer on August 12; that day, he attempted to notify authorities that he might have "enemies" at MHC. According to Mr. Cason, he spoke to an unidentified male officer, who told him to contact his case manager, defendant Theresita Jackson. When he saw her in the lobby, he called to her from the tier, stating

> "I need to talk to you about the transfer. I shouldn't be – I don't think I should be transferred over there."

(Oppos., Cason Tr. at 35). Ms. Jackson's only response before the slot was closed was "bye, bye, bye." (Id. at 36). Mr. Cason inferred that she did not want to hear him. (Id.)

After Mr. Cason arrived at MHC, he obtained a job as a classification clerk. He told his supervisor it was "possible" he had enemies at MHC. (Id. at 52). She referred him to his counselor, who did not yet have his file (Id. at 49). MHC does not have protective custody. At no time, however, did Mr. Cason ask to be put on administrative segregation or otherwise housed away from other inmates. (Id. at 51-52). The stabbing occurred two weeks after his arrival at MHC.

A prison official violates the Eighth Amendment when she knows of and is deliberately indifferent to a serious threat of physical harm posed to a prisoner by other inmates. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994); Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997); Winfield v. Bass, 106 F.3d 525, 531 (4th Cir. 1997). She may also violate the Eighth Amendment if she is aware of and deliberately indifferent to a prisoner's serious medical need, which can include deliberately delaying necessary medical treatment. Estelle v. Gamble, 429

U.S. 97, 104, 975 S. Ct. 285, 291 (1976); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Proof that the official not only was aware of the facts but also drew the inference that a substantial risk of serious harm exists is critical to the plaintiff's right to recover. Farmer, 511 U.S. at 837, 114 S. Ct. at 1979; Rich, 129 F.3d at 340. Mr. Cason does not offer that proof.

Although he may have demonstrated negligence on the part of correctional administrators for sending him to an institution that housed his victim's son, Mr. Cason does not show that Ms. Jackson personally was aware of a substantial risk of harm resulting from his transfer. At most, she failed to follow up on his attempt to talk to her immediately before the transfer to determine what problem he might have at MHC. Her culpable state of mind is much less than that found insufficient by the Fourth Circuit in Rich. Rich, 129 F.3d at 339-40.

Similarly, as to the officers Mr. Cason says witnessed the attack, he has no proof of any culpable state of mind on their part. Mr. Cason alleges only that they were looking in his direction and failed to take action. (Oppos., Cason Tr. at 58.) This is not sufficient to show that they intentionally delayed seeking treatment for him, knowing of a serious medical need. See Johnson, 145 F.3d at 168 ("Farmer, and our cases interpreting Farmer, make clear that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate.").

In summary, while Mr. Cason suffered serious injuries that might have been avoided by a more careful consideration of the population at MHC before the transfer, unfortunately he cannot make the showing necessary to prove a violation of the Eighth Amendment under Supreme Court and Fourth Circuit caselaw. A separate Order follows.

1/31/03
Date

Catherine C. Blake
United States District Judge